UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CR-90-1-F1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | and ORDER |
| MICHAEL SHAWN BROWN, | ) | |
| Defendant. | ) | |

This order memorializes rulings entered in open court on May 24, 2012, during which the defendant was present with his counsel, Mr. Robert L. Cooper, Jr., and the Government was represented by Assistant United States William M. Gilmore:

Having carefully reviewed and considered the observations, findings and recommendations of Bureau of Prisons mental health professionals who examined the defendant Michael Shawn Brown on motion of the Government, and in consideration of counsel for Brown and for the Government having so stipulated, the court finds and concludes that Brown is COMPETENT to stand trial, pursuant to 18 U.S.C. § 4241.

Defense counsel clarified that the Notice [DE-23] of Intent to Present Expert Testimony of Mental Condition was not filed as a notice of intent to rely on an insanity defense, but rather to give notice of Brown's intent to introduce expert evidence, as permitted in Rule 12.2(b), FED. R. CRIM. P., relating to a mental disease or defect or any other mental condition of the defendant bearing on the issue of guilt. Defense counsel explained that such evidence would be offered as a defense to rebut the Government's evidence on the element of "specific intent."

The parties are DIRECTED to file memoranda supporting their positions as to the manner of presentation, scope, application and any limitations on evidence that may be introduced by the defense under Rule 12.2(b), on or before **June 30, 2012.**

The Government's Motion in Limine [DE-30] and Precautionary Motion in Limine [DE-50] are ALLOWED. It further is ORDERED that the term "murder" shall not be employed during the trial of this matter or otherwise in the presence of the jury by any attorney, witness, agent, court personnel, or any other person in reference to the death of Larry Towns.

Counsel for the Government and for the defendant are DIRECTED to confer and to offer recommendations and/or stipulations for appropriate limiting instructions to the jury before and during trial, and as a part of the court's instruction to the jury on the law at the end of all the evidence. In addition to suggested wording, the court requests that the attorneys also recommend timing and frequency of such instructions.

The court acknowledges that the defendant Brown has WITHDRAWN his Second Corrected Motion to Suppress [DE-31], which supersedes his Corrected Motion to Suppress [DE-29], as well as his Motion to Suppress [DE-28].

Arraignment herein is CONTINUED to this court's **September 4, 2012**, term of court in Wilmington, North Carolina, with jury selection during that week on a date to be announced.

The trial of this matter will begin at **10:00 a.m.** on **Monday, September 10, 2012**. The Government has requested this continuance in order to prepare to meet the defendant's mental health professional's opinions and testimony, and the court has determined that the interests of justice best will be served by the continuance ordered herein.

2

Consequently, the period of delay resulting from this order of continuance shall be excluded in computing the defendant's speedy trial time. See 18 U.S.C. § 3161.

SO ORDERED.

This, the 24 day of May, 2012.

JAMES C. FOX
Senior United States District Judge